PS 8 Revised 07
MD/TN Revised 04/12

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Shawanna Nicole Bolden    Docket No. 0650 3:12CR00018 - 4

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Shawanna Nicole Bolden who was placed under pretrial release supervision by the Honorable E. Clifton Knowles sitting in the Court at **Nashville, Tennessee**, on January 30, 2012, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

Dariel S Blackledge-White [signature]    Nashville, TN    August 15, 2012
U.S. Pretrial Services Officer    Place:    Date:

Next Scheduled Court Event    **Trial** (Event)    September 25, 2012 (Date)

## PETITIONING THE COURT

☐ No Action
☐ To Issue a Warrant
☒ To issue an order setting a hearing on the petition
☐ Other

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshals only)
☒ Other

☒ A Hearing on the Petition is set for
August 24, 2012 (Date)    2:00 pm (Time)

Considered and ordered this 15th day of August, 2012, and ordered filed and made a part of the records in the above case.

[signature]
Honorable E. Clifton Knowles
U. S. Magistrate Judge

On January 30, 2012, defendant Shawanna Nicole Bolden appeared before Your Honor for an Initial Appearance as a result of being charged with violating Title 18 U.S.C. §§ 371, 1343, and 1344, to wit: Conspiracy to Commit and Commission of Wire and Bank Fraud.

Upon commencement of the hearing, the Government recommended that the defendant be released to Pretrial Supervision with conditions. The Court granted the Government's motion for release.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Failure to refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; defendant shall notify Pretrial Services of any medication prescribed by a physician:**

On January 31, 2012, the defendant submitted a urinalysis which field tested positive for cocaine. Ms. Bolden admitted to smoking marijuana but denied cocaine use. On February 2, 2012, Alere Laboratories (Alere), located in Gretna, Louisiana, determined the specimen was negative for all substances.

On February 6, 2012; February 17, 2012; and March 9, 2012; Ms. Bolden submitted urine screens that were confirmed positive for cocaine. On March 22, 2012, the defendant failed to report for her urine screen. A specimen collected on March 23, 2012, was presumptive positive for cocaine; however, the specimen was diluted. Thus, Alere could not confirm these results. On March 30, 2012, the defendant submitted a urine specimen which was negative for all substances.

On March 28, 2012, the defendant began participating in Phase I of the Federal Probation Low Intensity Outpatient Treatment Program.

On April 9, 2012, Defendant Bolden submitted a urine screen that was inconclusive for cocaine and slightly diluted. The specimen was sent to Alere for a primary test panel.

**On April 20, 2012, the defendant submitted a urine screen that was presumptive positive for marijuana and cocaine. On April 23, 2012, the specimen was returned from Alere as negative for all substances. However, it is possible that the contract lab's cutoff testing levels are much**

**higher than the testing instrument used in the office by Pretrial Services.**

**On June 27, 2012, the defendant requested permission to miss a scheduled urine screen due to her family having a "stomach bug." The supervising officer failed to respond and, on this same date, Ms. Bolden submitted a urine screen which was submitted to Alere for analysis. The specimen was returned on June 28, 2012, and it was noted "specimen diluted."**

**Ms. Bolden failed to report for a urine screen on July 23, 2012. On August 3, 2012, the supervising pretrial services officer conducted an unannounced home contact during which time a urine screen was administered. The specimen was presumptive positive for marijuana and cocaine.**

**On August 7, 2012, Ms. Bolden tested negative for all substances.**

**Alere confirmed the August 3, 2012, specimen was positive for marijuana and cocaine on August 10, 2012. On August 14, 2012, Ms. Bolden tested negative for all substances. When questioned about her most recent positive drug screen, Ms. Bolden stated she had a "setback."**

<u>Current Status of Case</u>:

The instant federal prosecution is currently set for trial on September 25, 2012.

<u>Probation Officer Action:</u>

On January 31, 2012, Ms. Bolden was placed in Phase I of the U.S. Probation Office's Code-a-Phone program, a program whereby defendants call daily to ascertain whether they need to report to the U.S. Probation and Pretrial Services Office to submit a urine screen.

On February 1, 2012, Pretrial Services submitted a Petition for Action on Conditions of Pretrial Release requesting that Your Honor modify the defendant's special conditions to include a narcotic drugs prohibition, drug testing and treatment as deemed appropriate by the Pretrial Services Officer. On that same date, the request was approved.

On February 17, 2012, the defendant was referred for a substance abuse assessment and advised she would be required to follow any recommendations for treatment.

On March 21, 2012, a second Petition for Action on Conditions of Pretrial Release was submitted to the Court requesting no action pending the defendant's participation in substance abuse treatment and no additional positive drug screens.

On March 28, 2012, the defendant was referred for and began attending an intensive outpatient substance abuse treatment program at Centerstone, located in Madison, Tennessee. Ms. Bolden generally attended her counseling sessions as scheduled. Several absences were a result of lack of transportation or work obligations.

On April 9, 2012, a third Petition for Action on Conditions of Pretrial Release was submitted to the Court. On April 18, 2012, the petition was Superseded to include additional violations.

On May 1, 2012, a bond revocation hearing was held before Your Honor at which time the hearing was continued for 30 days to allow the defendant to report for all urine screens, complete an intensive outpatient substance abuse program, and refrain from submitting diluted or positive urine screens.

On June 4, 2012, the case was continued for another 30 days, and Ms. Bolden was ordered to obtain employment, continue with substance abuse treatment, and test negative for all controlled substances.

On July 6, 2012, the Petition for Action on Conditions of Pretrial Release was dismissed due to Ms. Bolden's compliance. Due to Ms. Bolden's compliance with her supervision, on July 12, 2012, she was placed in Phase II of Code-a-Phone and also transitioned to Phase II substance abuse counseling. This placement reduced Ms. Bolden's substance abuse counseling sessions and random urine screens from four to two times per month.

Subsequent to the defendant's positive urine screen on August 3, 2012, she was informed that she would be placed back on Phase I urine screens and counseling if the test was confirmed positive.

On August 14, 2012, Ms. Bolden was moved to Phase I of Code-a-Phone and ordered to resume substance abuse counseling on a weekly basis.

The supervising officer has continued to encourage the defendant to remain drug free, to attend substance abuse treatment as scheduled, and to maintain gainful employment. Ms. Bolden has also been encouraged to refrain from contact with previous associates that she knows use drugs or engage in other questionable behavior.

**Respectfully Petitioning the Court as Follows**:

Since the previous violation petition was submitted on March 21, 2012, Ms. Bolden has continued to miss random urine screens, submitted two diluted urine specimens, and has presumptively tested positive for cocaine on two separate occasions. As the defendant continues to use narcotics, it is recommended that the Court issue an Order setting a hearing on this Petition for Action.

Respectfully,

Dariel Blackledge-White
U.S. Probation Officer

Approved:

William Burton Putman
Supervisory U.S. Probation Officer

xc: Sandra Moses, Assistant U.S. Attorney
Dumaka Shabazz, Assistant Federal Public Defender





# UNITED STATES DISTRICT COURT

MIDDLE District of TENNESSEE

United States of America

V.

SHAWANNA NICOLE BOLDEN
Defendant

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 3:12-00018-4

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) ______________________
Place

______________________ on ______________________
Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) The defendant promises to appear at all proceedings as required and to surrender

( ) The defendant executes an unsecured bond binding the defendant to pay ______________________ dollar ______________ ) in the event of a failure to appear as required or to surrender as directed for

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICES U.S. ATTORNEY U.S. MARSHAL



## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

(Name of person or organization) ____________________

(Address) ____________________

(City and state) ____________________ (Tel. No.) ____________________

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: ____________________ ____________________
Custodian or Proxy Date

( X ) (7) The defendant shall:

( ✓ ) (a) report to the U.S. Pretrial Services as directed ,
telephone number (615) 736-5771 , not later than ____________________ .

( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described ____________________ .

( ) (d) execute a bail bond with solvent sureties in the amount of $ ____________________ .

( ✓ ) (e) maintain or actively seek employment.

( ) (f) maintain or commence an education program.

( ✓ ) (g) surrender any passport to: Pretrial Services

( ✓ ) (h) obtain no new passport.

( ✓ ) (i) abide by the following restrictions on ~~personal association,~~ place of abode, ~~or travel:~~ any change of address shall be reported beforehand to PTS.

( ✓ ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, ~~including but not limited~~ to: ____________________

( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: ____________________

( ) (l) return to custody each (week) day as of ________ o'clock after being released each (week) day as of ________ o'clock for employment, schooling, or the following limited purpose(s):

( ) (m) ~~maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.~~

( ✓ ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (o) refrain from ( ) any ( ) excessive use of alcohol.

( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

( ) (i) **Curfew.** You are restricted to your residence every day ( ) from ________ to ________ , or ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

( ✓ ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, ~~or traffic stop.~~ and within 48 hours

( ✓ ) (v) Shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view.

( ) (w) ____________________

( ) (x) ____________________

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICES U.S. ATTORNEY U.S. MARSHAL





## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Signature of Defendant

## Directions to United States Marshal

( x ) The defendant is ORDERED released after processing.
(  ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: January 30, 2012

Signature of Judicial Officer

E. CLIFTON KNOWLES, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL



# Drug Test Report

1111 Newton Street
Gretna, LA 70053
(800) 433-3823 - (504) 361-8989
FAX: (504) 361-8298

TENNESSEE MIDDLE - PRETRIAL NASHVILLE
WILLIAM LORD
110 NINTH AVENUE SOUTH
SUITE A725
NASHVILLE, TN 37203
Facility Phone: 615-736-5771 Fax: 615-736-5519

Account Number: 06500001S
Div. Office Number: 06500001S
National Lab Number: 32161771
Specimen ID Number: B02550819
Specimen Type:

Collection Site Number: 06500001S
Collection Site Name: TENNESSEE MIDDLE PRETRIAL-NASHVILLE
Collection Site Address: 110 NINTH AVENUE SOUTH
Collection Site City, State Zip: NASHVILLE, TN 37203
Collection Site Phone: 615-736-5771
Collection Site Fax: 000-000-0000

PACTS Number: 23221
Onsite Test ID: 0
Case Officer Initials: DBW
Collector Name
DBLACKLEDGEWHITE

**Donor Name/ID: BOLDEN**

Reason for Drug Test: PRETRIAL REPORT

Date Collected: 8/3/2012
Date Received: 8/8/2012
Date Reported: 8/9/2012

Panel Description: CLIN 1098 - THC CONF

| Drug Test Result | Drug/Remark | Quantitative Value |
|---|---|---|
| **POSITIVE** | MARIJUANA METABOLITE | |

Confirmation Method: GC/MS unless indicated

The following drugs and/or drug classes were tested at the indicated threshold (cut-off) levels:

| Description | Screening Level | Confirmation Level | Result |
|---|---|---|---|
| MARIJUANA METABOLITE | | 15 ng/ml | POSITIVE |

CLIENT BOLDEN
USPO DBW
Date Logged In: 8-10-12

Comments: MULTIPLE REPORTS ARE BEING ISSUED ON THIS SPECIMEN WITH LAB NUMBERS :32161771,32161770.

POSITIVE

LINDSEY DYCK - CERTIFYING TECHNICIAN/SCIENTIST

DBLACKLEDGEWHIT
COLLECTOR NAME



# Drug Test Report

1111 Newton Street
Gretna, LA 70053
(800) 433-3823 - (504) 361-8989
FAX: (504) 361-8298

TENNESSEE MIDDLE - PRETRIAL NASHVILLE
WILLIAM LORD
110 NINTH AVENUE SOUTH
SUITE A725
NASHVILLE, TN 37203
Facility Phone: 615-736-5771 Fax: 615-736-5519

Account Number: 06500001S
Div. Office Number: 06500001S
National Lab Number: 32161770
Specimen ID Number: B02550819
Specimen Type:

Collection Site Number: 06500001S
Collection Site Name: TENNESSEE MIDDLE PRETRIAL-NASHVILLE
Collection Site Address: 110 NINTH AVENUE SOUTH
Collection Site City, State Zip: NASHVILLE, TN 37203
Collection Site Phone: 615-736-5771
Collection Site Fax: 000-000-0000

PACTS Number: 23221
Onsite Test ID: 0
Case Officer Initials: DBW

Collector Name
D BLACKLEDGWHITE

**Donor Name/ID: BOLDEN**

Reason for Drug Test: PRETRIAL REPORT

Date Collected: 8/3/2012
Date Received: 8/8/2012
Date Reported: 8/9/2012

Panel Description: CLIN 1098 - BENZOYLECGONINE CONF

| Drug Test Result | Drug/Remark | Quantitative Value |
|---|---|---|
| **POSITIVE** | BENZOYLECGONINE-COCAINE METAB | |

Confirmation Method: GC/MS unless indicated

The following drugs and/or drug classes were tested at the indicated threshold (cut-off) levels:

| Description | Screening Level | Confirmation Level | Result |
|---|---|---|---|
| BENZOYLECGONINE-COCAINE METAB | | 150 ng/ml | POSITIVE |

CLIENT BOLDEN
USPO DBW
Date Logged In: 8-10-12

Comments: MULTIPLE REPORTS ARE BEING ISSUED ON THIS SPECIMEN WITH LAB NUMBERS :32161771,32161770.

POSITIVE

TRIANDA SPRIGGENS - CERTIFYING TECHNICIAN/SCIENTIST

D BLACKLEDGWHITE
COLLECTOR NAME



Alere Toxicology Services, Inc.
1111 Newton St., Gretna, LA 70...
(504) 361-8989 (800) 433-3823

# Chain of Custody for Drug Analysis
# Federal Pretrial Services

**Specimen Number:** B02550819

**Account Number:** 065000015

**Results Name & Address**

TENNESSEE MIDDLE...
- PRETRIAL NA
110 NINTH AVENUE SOUTH
SUITE A725
NASHVILLE, TN 37203

065000015

Tests Ordered (Check all that apply)

☐ Primary Test Panel ☐ Secondary Test Panel ☐ Special Test Panel
☒ Confirmation Only (specify) cocaine/marijuana
☐ Individual Special Tests (specify)

## SPECIMEN ID INFORMATION

Case Officer Initials: DBW
Date Collected: 08/03/12
☒ 01 Officer
☐ 02 Treatment Program
☐ 03 Other

Collector's Name: DBlackledgeWhite

Offender/Defendant Last Name: Bolden

First Name: Shawanna

PACTS No.: 23221

Onsite/Test ID:

Reason For Specimen
☐ 01 Presentence Report ☐ 02 Substance Abuse Treatment ☐ 03 Mental Health Treatment
☐ 04 Urine Surveillance ☒ 05 Pretrial Report ☐ 06 Other (specify)

## MEDICAL QUESTIONNAIRE

| Medicine(s) Name | Reason for Use | Date Used |
|---|---|---|
| | | |

**Offender/Defendant Certification**

I certify the specimen I have provided on this date is my own and has not been adulterated. The specimen bottle was sealed in my presence. I have verified that the specimen number of the form, the barcode, and the specimen security seal are identical.

S. Bolden 8/3/12
Offender/Defendant Signature Date

**Specimen Collector Certification**

I certify I collected the specimen identified by the specimen number on this form in accordance with the required collection procedures. I certify I applied the numbered security seal and barcode to the specimen bottle in the offender/defendant's presence. I have verified that the specimen number on the form, the barcode, and the specimen seal are identical.

[signature] 8-3-12
Collector's Signature Date

**Specimen Transfer Certification**

I certify I prepared for transfer to Testing Laboratory the specimen identified by the specimen number on this form and have verified the identity of the specimen with its collection chain of custody documentation. I certify I applied the numbered security seal and barcode to the specimen bottle. I have verified the specimen number on the form, the barcode, and specimen security seal are identical.

Transferer's Signature Date

Apply Barcode vertically on bottle



Use second seal & barcode for specimens screened on site.

B02550819 S B02550819

## COLLECTOR INSTRUCTIONS

* **COMPLETE** - Specimen ID Information before collection
* **COLLECT** - Specimen in accordance with Administrative Procedures
* **AFFIX** - Security Seal and barcode to specimen bottle as illustrated above
* **ASK** - Offender/Defendant to verify bottle was sealed in his/her presence
* **INITIAL** - Initial security seal and enter date collected
* **ASK** - Offender/Defendant to read, sign, and date Offender/Defendant Certification
* **SIGN** - Specimen Collector Certification after sealing specimen bottle and applying security seal

9315286914



Form # 2004B

PLY 1 TEAR OFF TOP COPY AND RETAIN FOR YOUR RECORDS